UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROBERT FAIRE,

    Plaintiff

v.                                    ACTION NO. 2:11cv478

SOUTHEASTERN PROTECTIVE SERVICES, INC.,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff Robert Faire's Motion to Enforce the Settlement Agreement. (ECF No. 72). Counsel for Defendant Southeastern Protective Services, Inc. ("SEP") has filed a Motion to Withdraw which is also before the court. (ECF No. 74). These matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). This Report and Recommendation concludes that the court has jurisdiction to enforce the Settlement Agreement and finds that SEP has failed to fulfill its obligations under the agreement. Accordingly, the undersigned recommends that the court find SEP in default and specifically enforce the agreement by entering judgment against SEP, which will finally close the case and render counsel's Motion to Withdraw moot.

## I. FACTUAL AND PROCEDURAL HISTORY

Faire filed this action against SEP, alleging that SEP discriminated against him in violation of the Americans with Disabilities Act. (ECF No. 1 at 1). The parties reached and executed a Settlement Agreement on November 13, 2012. Ex. A.[1] The agreement required SEP to pay a sum of $72,000 with $30,000 due on or before December 31, 2012, and the remainder due in monthly installments. Id. The court entered an agreed Dismissal Order dismissing the case with prejudice but stating that "[t]he Court retains jurisdiction to enforce the terms of the parties' agreement." (ECF No. 71).

Faire's motion asserts that SEP has not made any payments to date and moves this court to enforce the Settlement Agreement. (ECF No. 72). Because the case was closed upon entry of the Dismissal Order, counsel for SEP was unsure of his status as counsel of record and filed a motion to withdraw. (ECF No. 74). The motion to withdraw states that SEP has failed to communicate with counsel, and failed to satisfy financial obligations to the firm. Id. Counsel sent a copy of the motion to SEP's president. Thereafter, the court entered an order directing the parties to set a date for a hearing on both motions and directing SEP's counsel to notify his client of the

---

[1] Ex. A refers to the Settlement Agreement which has been attached as an exhibit to this Report and Recommendation.

2

hearing date and the pendency of both motions. The undersigned held a hearing on June 17, 2013 for which counsel for Faire and SEP were present. Although its counsel attended, SEP had not communicated its position to him and filed no response to either motion. Neither SEP nor any officer of the company was present for the hearing despite receiving notice as the court directed.

At the hearing, Faire introduced a copy of the Settlement Agreement and requested the court to order SEP and C. Martin Melton, its President, to show cause for their failure to fulfill their obligations under it, and to enter an order enforcing the Settlement Agreement. Melton signed the settlement agreement on SEP's behalf. Ex. A at 10. Faire's counsel stated that SEP has not made any payments to Faire and is in default.

Counsel for SEP stated that he had calendared the due dates for payments under the Agreement but despite trying to communicate, last had contact with SEP in January 2013, and thus had no ability to contradict Faire's statement that the company was in default. Counsel for SEP also proffered that the January 2013 contact he had with his client suggested the company was filing for bankruptcy, but he had received no notice that the company filed for bankruptcy.

## II. RECOMMENDED FINDING OF FACT AND CONCLUSIONS OF LAW

Federal courts have limited jurisdiction which is derived from the Constitution and statutes, and their jurisdiction

cannot be expanded by judicial decree. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). Thus, a district court generally cannot enforce a settlement agreement unless there exists an independent basis for jurisdiction. <u>Id.</u>; <u>Columbus-America Discovery Grp v. Atl. Mut. Ins. Co.</u>, 203 F.3d 291, 299 (4th Cir. 2000). However, where the Settlement Agreement "is approved and incorporated into an order of the court, a breach of the agreement is a violation of the order, and the district court possesses jurisdiction to enforce the agreement." <u>Columbus America</u>, 203 F.3d at 299 (citing <u>Kokkonen</u>, 511 U.S. at 281; <u>Fairfax Countywide Citizens Ass'n v. Fairfax Cnty.</u>, 571 F.2d 1299, 1303 n.8 (4th Cir. 1978)).

The agreed Dismissal Order entered by the court and signed by the parties in this case stated that "[t]he Court retains jurisdiction to enforce the terms of the parties' agreement." (ECF No. 71). Accordingly, the court has jurisdiction to re-open the case and enforce the Settlement Agreement.

The undersigned accepts Faire's unrebutted statement that SEP has made no payment pursuant to the Settlement Agreement. SEP has also made no suggestion that it did not enter into the agreement or that the agreement is invalid. Therefore, SEP is in default of the Settlement Agreement. Under the terms of the Settlement Agreement, as elected by Faire, the entire sum becomes immediately due upon a finding of default. The

4

undersigned therefore recommends that the court find SEP in default, and enter an order enforcing the Settlement Agreement, and enter judgment against SEP in the amount of $72,000.

Faire also sought further proceedings - including an order to show cause and possible sanctions against SEP President Melton. However, he presented no evidence indicating that Melton signed the Settlement Agreement in his individual capacity. Rather, Melton appears to have signed in a representative capacity as the President of SEP. Ex. A at 10. Additionally, Melton was never a party to the action. As a result, the undersigned finds no basis to assert jurisdiction over Melton individually, and recommends that the court take no action with regard to Faire's request for relief against Melton.

### III. RECOMMENDATION

SEP has failed to fulfill its obligations under the Settlement Agreement. Accordingly, the court should find SEP in default and GRANT Fair's Motion to Enforce the Settlement Agreement against SEP, and enter judgment in favor of Faire against the Defendant, SEP, in the amount of $72,000. If the court so proceeds, then counsel's Motion to Withdraw will be rendered moot as the case will be finally closed. Should SEP or any other party object to this Report and Recommendation, then the court should separately address counsel's Motion to Withdraw

5

in light of any objection and the company's history of failing to communicate with its counsel.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. ' 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. ' 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party=s objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Counsel for SEP is directed to forward a copy of the foregoing Report and Recommendation directly to his client.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 24, 2013

## Clerk=s Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

James Richard Theuer
James R. Theuer, PLLC
555 E. Main St.
Suite 801
Norfolk, VA 23510

Samuel Johnson Webster
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave.
Suite 2200
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

June 24 , 2013